UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>v.<br><br>THE BLACK & DECKER CORPORATION, BLACK & DECKER, INC., BLACK & DECKER (U.S.) INC., EMHART CORPORATION, and EMHART INDUSTRIES, INC.,<br><br>          Defendants. | C.A. No. 1:04-CV-10655-DPW |

## ANSWER AND COUNTERCLAIM

Defendants, The Black & Decker Corporation ("BDC"), Black & Decker Inc. ("BDI"), Black & Decker (U.S.) Inc. ("BDUS"), Emhart Corporation ("Emhart") and Emhart Industries, Inc. ("EII") (collectively and individually referred to herein, for convenience, as "Black & Decker"), answer the Complaint for Declaratory Judgment and Jury Demand ("Complaint") of plaintiff, Liberty Mutual Insurance Company ("Liberty Mutual"), with respect to the Boarhead Farms site in Bridgetown Township, Bucks County, Pennsylvania ("Boarhead Site") as follows:

Pursuant to the March 19, 2004 Order in <u>Liberty Mutual Insurance Co. v. The Black & Decker Corp., et als.</u>, Civil Action No. 96-10804-DPW, requiring that the operative complaint filed in that action be filed as a series of complaints in new actions, each complaint restating the claims and defenses as to one site or claim that had been pleaded prior to March 19, 2004, Black & Decker files this answer and counterclaim.  It is the understanding of Black & Decker that the complaint in this action, and the complaints in the other actions filed by Liberty Mutual Insurance Company on April 2, 2004, relate back to the filing of the operative complaint in Civil

Action No. 96-10804 and that the intent of the March 19, 2004 Order was that the new complaints and counterclaims restate, in a different civil action, the allegations concerning specific sites and claims that were the subject of the complaint and counterclaim in Civil Action No. 96-10804-DPW.  Accordingly, unless the context otherwise requires, this answer and counterclaim restates the allegations in the prior answer and counterclaim that relate to this site.

Further, pursuant to an Order of the Court, Black & Decker will file, in a separate action, its complaint that the conduct of Liberty Mutual, including conduct with respect to this claim, was in violation of Mass. Gen. Laws c. 93A and in breach of its obligation of good faith. Accordingly, those allegations with respect to this claim are not included in this Answer and Counterclaim.

## **FIRST DEFENSE**

### "PARTIES"

1. Black & Decker admits the allegations of paragraph 1 of the Complaint.

2. Black & Decker admits the allegations of the first and third sentences of paragraph 2 of the Complaint, and denies the allegations of the second sentence thereof.

3. Black & Decker admits the allegations of the first sentence of paragraph 3 of the Complaint, admit that BDI is a wholly owned subsidiary of BDC, and otherwise denies the allegations of paragraph 3 of the Complaint.

4. Black & Decker admits the allegations of the first sentence of paragraph 4 of the Complaint, and denies the allegations of the second sentence of paragraph 4 of the Complaint.

5. Black & Decker admits the allegations of the first and third sentences of paragraph 5 of the Complaint, admits that Emhart is a wholly owned subsidiary of BDI and otherwise denies the allegations of paragraph 5 of the Complaint.

6.  Black & Decker admits the allegations of the first sentence of paragraph 6 of the Complaint, admits that EII is a wholly owned subsidiary of Emhart and otherwise denies the allegations of the second sentence of paragraph 6 of the Complaint.

7.  Black & Decker denies the allegations of the introduction of paragraph 7 of the Complaint, as all defendants have not owned or controlled all of the following subsidiaries or divisions and/or succeeded to their liabilities. The relationship of specific defendants to specific entities is set forth in greater detail below, as follows:

    a.  Black & Decker admits the allegations of paragraph 7(a) of the Complaint.

    b.  Black & Decker admits the allegations of paragraph 7(b) of the Complaint.

    c.  Black & Decker denies the allegations of paragraph 7(c) of the Complaint.

    d.  Black & Decker admits the allegations of paragraph 7(d) of the Complaint.

    e.  Black & Decker denies the allegations of paragraph 7(e) of the Complaint.

    f.  Black & Decker denies the allegations of paragraph 7(f) of the Complaint.

    g.  Black & Decker denies the allegations of paragraph 7(g) of the Complaint.

    h.  Black & Decker denies the allegations of paragraph 7(h) of the Complaint.

    i.  Black & Decker admits the allegations of paragraph 7(i) of the Complaint.

    j.  Black & Decker admits the allegations of paragraph 7(j) of the Complaint.

    k.  Black & Decker admits the allegations of paragraph 7(k) of the Complaint.

    l.  Black & Decker admits the allegations of paragraph 7(1) of the Complaint.

8.  Black & Decker denies the allegations of paragraph 8 of the Complaint.

## "JURISDICTION AND VENUE"

9.  Black & Decker admits the allegations of paragraph 9 of the Complaint.

10. Black & Decker admits the allegations of paragraph 10 of the Complaint.

11.     Black & Decker admits the allegations of paragraph 11 of the Complaint.

"FACTS"

"Policies"

12.     In response to the allegations of paragraph 12 of the Complaint, Black & Decker states that Liberty Mutual issued numerous insurance policies, including comprehensive general liability insurance policies and excess liability insurance policies to USM Corporation, and that Black & Decker has succeeded to the rights of the insured under said insurance policies.

13.     In response to the allegations of paragraph 13 of the Complaint, Black & Decker states that Liberty Mutual has not identified the specific policies to which it refers in paragraph 13 of its Complaint, but that insurance policies issued by Liberty Mutual provided coverage for the claim referenced in the Complaint in this action and that said insurance policies are documents that speak for themselves.

14.     In response to the allegations of paragraph 14 of the Complaint, Black & Decker states that it has asserted that Liberty Mutual is obligated under policies of insurance issued to Black & Decker and/or its predecessors in interest to provide Black & Decker with, inter alia, a defense against, and to indemnify Black & Decker with respect to, the claims and/or lawsuits that are described in the Complaint in this action.

"Boarhead Site"

15.     Black & Decker states that on or about July 11, 1988, Black & Decker notified Liberty Mutual that it had received a request for information from the EPA on June 10, 1988 in connection with alleged contamination at and/or near Boarhead Farms in Bridgetown Township, Bucks County, Pennsylvania ("Boarhead Site") and the possible shipment of waste to the

Boarhead Site by the Bostik South Division of USM between 1970 and 1976 and otherwise denies the allegations of paragraph 15 of the Complaint.

16. Black & Decker states that there is coverage under the applicable policies for the Boarhead Site and otherwise denies the allegations of paragraph 16 of the Complaint.

17. Black & Decker states that any such letter by Liberty Mutual is a document that speaks for itself, that Liberty Mutual has an obligation to defend and/or indemnify Black & Decker with respect to the Boarhead Site and otherwise denies the allegations of paragraph 17 of the Complaint.

18. Black & Decker admits the allegations of paragraph 18 of the Complaint.

19. Black & Decker admits the allegations of paragraph 19 of the Complaint.

20. Black & Decker admits that Liberty Mutual agreed to defend Black & Decker, but only under a full reservation of rights and only from October 16, 2002 forward, and further answers that Liberty Mutual has failed to pay all the reasonable defense costs incurred by Black & Decker prior to October 16, 2002, and otherwise denies the allegations of paragraph 20 of the Complaint.

21. Black Decker states that there is a dispute between Black & Decker and Liberty Mutual regarding the failure of Liberty Mutual to discharge its obligations under the relevant insurance polices with respect to the Boarhead Site and the so-called "Boarhead Site Claims," and otherwise denies the allegations of paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint alleges matter that "Liberty Mutual believes;" Black & Decker lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies said allegations. Further, if, and to the extent that, Liberty Mutual has such a belief, said belief is erroneous in view of the applicable law and facts.

23. Black & Decker admits the allegations of the first sentence of paragraph 23 of the Complaint. In response to the allegations of the second sentence of paragraph 23 of the Complaint, Black & Decker states that the "position" that "Liberty Mutual reasserts" is erroneous and not warranted in view of the applicable law and facts.

"COUNT I"
"(Declaration of No Coverage Obligations)"

24. Black & Decker incorporates its responses to the allegations contained in paragraphs 1 through 23 of the Complaint, as if set forth in full herein.

25. Black & Decker admits the allegations of paragraph 25 of the Complaint.

26. Black & Decker denies the allegations of paragraph 26 of the Complaint.

"COUNT II"
"(Declaration of Set-Off of Defendants' Obligations)"

27. Black & Decker incorporates its responses to the allegations contained in paragraphs 1 through 26 of the Complaint, as if set forth in full herein.

28. Black & Decker denies that there are "damages or costs which are the responsibility of the defendants or other parties" and denies the allegations of paragraph 28 of the Complaint.

29. Black & Decker denies that there is "any set-off which will be due to Liberty Mutual" and states that if, and to the extent that, Liberty Mutual asserts that there is some purported "set-off," there is an actual controversy between Black & Decker and Liberty Mutual.

30. Black & Decker denies the allegations of paragraph 30 of the Complaint.

"COUNT III"
"(Applicability of Certain Policy Terms)"

31. Black & Decker incorporates its responses to the allegations contained in paragraphs 1 through 30 of the Complaint, as if set forth in full herein.

32.     In response to the allegations of paragraph 32 of the Complaint, Black & Decker states that the applicable insurance policies speak for themselves and denies the allegations of paragraph 32 of the Complaint.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The claims of Liberty Mutual are barred by its own unclean hands.

### SECOND AFFIRMATIVE DEFENSE

The claims of Liberty Mutual are barred by laches.

### THIRD AFFIRMATIVE DEFENSE

The claims of Liberty Mutual are barred by its own inequitable conduct.

### FOURTH AFFIRMATIVE DEFENSE

Liberty Mutual is estopped from seeking the relief that it seeks.

### FIFTH AFFIRMATIVE DEFENSE

Liberty Mutual has recognized, in certain circumstances and on certain occasions, its obligation to defend and to indemnify under policies of insurance issued by it and has, in certain circumstances, paid, wholly or partially, for the cost of defense and has, in certain circumstances, wholly or partially indemnified Black & Decker under said policies; accordingly, Liberty Mutual is estopped to deny its obligations to defend and to indemnify, and has waived the contention that there is no obligation to defend or to indemnify under said policies.

### SIXTH AFFIRMATIVE DEFENSE

The claims of Liberty Mutual are barred by waiver.

SEVENTH AFFIRMATIVE DEFENSE

The claims of Liberty Mutual are barred, in whole or in part, by decisions of this Court in Liberty Mutual Insurance Co. v. The Black & Decker Corp., et als., Civil Action No. 96-10804-DPW.

EIGHTH AFFIRMATIVE DEFENSE

The claims of Liberty Mutual are barred, in whole or in part, by its conduct in Liberty Mutual Insurance Co. v. The Black & Decker Corp., et als., Civil Action No. 96-10804-DPW.

NINTH AFFIRMATIVE DEFENSE

The claims of Liberty Mutual are barred as a result of its conduct in violation of Mass Gen. Laws c. 93A and its absence of good faith as alleged in the Black & Decker counterclaim in Liberty Mutual Insurance Co. v. The Black & Decker Corp., et als., Civil Action No. 96-10804-DPW, and as will be alleged in a complaint that, pursuant to an Order of the Court, Black & Decker will file on April 23, 2004.

TENTH AFFIRMATIVE DEFENSE

The claims asserted in Counts II and III of the Complaint are barred as those claims were not pleaded in Liberty Mutual Insurance Co. v. The Black & Decker Corp., et als., Civil Action No. 96-10804-DPW, notwithstanding that Liberty Mutual had ample opportunity to plead such claims in said action.

**COUNTERCLAIM**

Parties

1. Plaintiff-in-counterclaim, The Black & Decker Corporation ("BDC"), is a corporation organized under the laws of the State of Maryland, having its principal place of business in Towson, Maryland.

2.  Plaintiff-in-counterclaim, Black & Decker Inc. ("BDI"), is a corporation organized under the laws of the State of Delaware, having its principal place of business in Newark, Delaware.

3.  Plaintiff-in-counterclaim, Black & Decker (U.S.) Inc. ("BDUS"), is a corporation organized under the laws of the State of Maryland, having its principal place of business in Towson, Maryland.

4.  Plaintiff-in-counterclaim, Emhart Corporation ("Emhart"), is a corporation organized under the laws of the State of Virginia, having its principal place of business in Towson, Maryland.

5.  Plaintiff-in-counterclaim, Emhart Industries, Inc. ("EII"), is a corporation organized under the laws of the State of Connecticut, having its principal place of business in Towson, Maryland.

6.  Plaintiffs-in-counterclaim (collectively and individually "Black & Decker") are informed and believe, and therefore aver, that defendant-in-counterclaim, Liberty Mutual Insurance Company ("Liberty Mutual"), is a mutual insurance company organized under the laws of the Commonwealth of Massachusetts, having its principal place of business in Boston, Massachusetts.  Liberty Mutual is engaged in the business of issuing contracts of liability insurance.

Jurisdiction and Venue

7.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that plaintiff and defendants are citizens of different states and the amount in controversy, exclusive of costs and interest, exceeds the sum or value of $75,000.

8.  Venue lies in this Court pursuant to 28 U.S.C. §1391(a).

Facts

The Insurance Policies

9. Black & Decker incorporates the allegations contained in paragraphs 1 through 8 of the Counterclaim, inclusive, as if set forth in full herein.

10. Black & Decker is the successor in interest to the USM Corporation ("USM"). USM was acquired by an Emhart subsidiary in 1976, and was merged into EII in 1987. EII is a wholly-owned subsidiary of Emhart. Emhart is a wholly-owned subsidiary of BDI. BDI is a wholly-owned subsidiary of BDC.

11. Black & Decker is informed and believes, and therefore avers, that Liberty Mutual issued the following General Liability Policies to USM ("USM General Liability Policies"), which policies were effective during the periods set forth below:

| TERM | POLICY NUMBER |
|---|---|
| 1918-1950 | Black & Decker has not located these policies which it is informed and believes, and therefore avers, that Liberty Mutual issued to USM for these years. |
| 11/01/50 - 11/01/51 | SMC-1-832013-50-NY |
| 11/01/50 - 11/01/51 | PL-1-832011-50-Mass |
| 11/01/51 - 11/01/52 | SMC-1-832013-51-NY |
| 11/01/51 - 11/01/52 | PL-1-832011-51-Mass |
| 11/01/52 - 11/01/53 | PL-1-832011-52-Mass |
| 11/01/53 - 11/01/54 | RG-1-690485-53-Mass |
| 11/01/54 - 11/01/55 | RG-1-690485-54-Mass |
| 11/01/55 - 11/01/56 | RG-1-690485-55-Mass |
| 11/01/56 - 11/01/57 | RG-1-690485-56-Mass |

| | |
|---|---|
| 11/01/57 - 01/01/59 | RG-6012-903115-37 |
| 01/01/59 - 01/01/60 | RG-6012-903115-39 |
| 01/01/60 - 01/01/61 | RG1-612-004059-010 |
| 01/01/61 - 01/01/62 | RG1-612-004059-011 |
| 01/01/62 - 01/01/63 | RG1-612-004059-012 |
| 01/01/63 - 01/01/64 | RG1-612-004059-013 |
| 01/01/64 - 01/01/65 | RG1-612-004059-014 |
| 01/01/65 - 01/01/66 | RG1-612-004059-015 |
| 01/01/66 - 01/01/67 | RG1-612-004059-016 |
| 01/01/67 - 01/01/68 | RG1-612-004059-017 |
| 01/01/68 - 01/01/69 | RG1-612-004059-018 |
| 11/01/71 - 11/01/72 | LG1-612-004059-211 |
| 11/01/72 - 11/01/73 | LG1-612-004059-212 |
| 11/01/73 - 11/01/74 | LG1-612-004059-213 |
| 11/01/74 - 11/01/75 | LG1-612-004059-214 |
| 11/01/75 - 11/01/76 | LG1-612-004059-215 |
| 11/01/76 - 11/01/77 | LG1-612-004059-216 |
| 11/01/77 - 01/01/78 | LG1-612-004059-217 |
| 01/01/78 - 01/01/79 | LG1-612-004059-548 |

12. Black & Decker is informed and believes, and therefore avers, that Liberty Mutual issued the following Umbrella Excess Liability Policies to USM ("USM Excess Policies"), which policies were effective during the periods set forth below:

| TERM | POLICY NUMBER |
| --- | --- |
| 01/21/66 - 01/01/67 | LE1-612-004059-156 |
| 01/01/67 - 01/01/68 | LE1-612-004059-157 |
| 01/01/68 - 01/01/69 | LE1-612-004059-158 |
| 01/01/72 - 01/01/73 | LE1-612-004059-242 |
| 01/01/73 - 01/01/74 | LE1-612-004059-243 |
| 01/01/74 - 01/01/75 | LE1-612-004059-244 |
| 01/01/75 - 11/01/75 | LE1-612-004059-245 |
| 11/01/75 - 11/01/76 | LE1-612-004069-435 |
| 11/01/76 - 11/01/77 | LE1-612-004059-436 |
| 11/01/77 - 01/01/78 | LE1-612-004059-437 |
| 01/01/78 - 01/01/79 | LE1-612-004059-578 |

13.     Black & Decker is informed and believes, and therefore avers, that under each of the USM General Liability Policies, Liberty Mutual promised to defend the insured against, and indemnify the insured for, losses suffered due to covered accidents and occurrences as defined in said policies.

14.     Black & Decker is informed and believes, and therefore avers, that under each of the USM Excess Policies, Liberty Mutual promised to defend the insured against, and indemnify the insured for, losses suffered due to covered accidents and occurrences as defined in said policies.

15.     Black & Decker is informed and believes, and therefore avers, that it and its predecessors in interest, including, but not limited to, USM , have complied with all terms,

conditions, prerequisites and other obligations of the USM General Liability Policies and the USM Excess Policies (jointly and severally the "USM Policies").

## The Boarhead Site

16. In or about 1969, USM acquired the stock of Crown Metro, Inc., the name of which was changed to Bostik South, Inc. in 1976. Effective December 31, 1977, Bostik South was liquidated into its parent corporation, USM; and USM acquired all assets of Crown Metro. Bostik South was thereafter operated as a division of USM until it was sold in 1980.

17. On or about August 26, 2002, Black & Decker was named as a defendant in an amended complaint filed by the Boarhead Farm Agreement Group in an action concerning the Boarhead Farm Superfund Site ("Boarhead Site Claim") in Bucks County, Pennsylvania.

18. Black & Decker is informed and believes, and therefore avers, that any alleged contamination at and/or near the Boarhead Site by Black & Decker originated from the Bostik South facility located in Greenville, South Carolina at various times covered by Liberty Mutual policies and is within the scope of coverage under the USM Policies.

19. Black & Decker has incurred costs and damages, within the meaning of the USM Policies, with respect to the Site. Black & Decker will continue to incur such costs and damages.

20. Black & Decker is informed and believes, and therefore avers, that the Boarhead Site Claim is within the scope of coverage under the USM Policies, and that said policies obligate Liberty Mutual to defend and/or indemnify Black & Decker with respect to the Boarhead Site Claim. Black & Decker has complied with all applicable terms, conditions, prerequisites and other obligations of the USM Policies with respect to the Boarhead Site Claim.

21. Liberty Mutual has received notice of the Boarhead Site Claim, including notice dated October 16, 2002.

22.     By letter dated December 4, 2002, Liberty Mutual informed Black & Decker that it would defend Black & Decker with respect to the Boarhead Site Claim, but only under a full reservation of rights and only from October 16, 2002 forward.  Liberty Mutual has failed to pay the reasonable defense costs incurred by Black & Decker in connection with the Boarhead Site Claim prior to October 16, 2002 and now has claimed that there is no coverage with respect to the Boarhead Site Claim under the USM Policies.  Liberty Mutual thus has failed and/or refused to defend and/or indemnify Black & Decker with respect to the Boarhead Site Claim and has denied that there is coverage therefor under the USM Policies.

23.     The failure of Liberty Mutual to indemnify and defend Black & Decker fully is in breach of its obligations under the USM Policies.  Black & Decker has suffered damage, and will continue to suffer damage, as a result of the conduct of Liberty Mutual in breach of its obligations under said USM Policies.

<u>COUNT I – BREACH OF CONTRACT</u>

24.     Black & Decker incorporates the allegations contained in paragraphs 1 through 23 of the Counterclaim, as if set forth in full herein.

25.     Black & Decker is entitled to all benefits of the insurance coverage provided by the USM Policies, all of which have been in full force and effect at times relevant to this Counterclaim.

26.     The alleged environmental damage at and near the Boarhead Site constitutes property or other damage within the meaning of the USM Policies, and occurred during all or some part of the policy periods of said policies.

27.     Black & Decker has given due notice to Liberty Mutual.  Liberty Mutual has failed or refused to provide for the defense and/or indemnification of Black & Decker under the

USM Policies with respect to the Boarhead Site Claim, as required pursuant to Liberty Mutual's obligations under said policies.

28. Liberty Mutual is in breach of its obligations to provide for defense costs or to indemnify Black & Decker under the USM Policies.

29. As the result of Liberty Mutual's breach of its obligations under the USM Policies, Black & Decker has been required to pay part of its defense costs arising out of the Boarhead Site Claim.

30. As a result of the breach of said obligation by Liberty Mutual, Black & Decker has suffered damage and loss. Said damage and loss is continuing.

31. As a consequence of said breach of obligations under the USM Policies by Liberty Mutual, Black & Decker is entitled to recover from Liberty Mutual said damage and loss.

## COUNT II – DECLARATORY JUDGMENT

32. Black & Decker incorporates the allegations contained in paragraphs 1 through 31 of the Counterclaim, as if set forth in full herein.

33. An actual controversy exists between Black & Decker and Liberty Mutual with respect to Black & Decker's right to payment of defense costs and/or indemnification for damages and other costs by Liberty Mutual under the USM Policies resulting from the Boarhead Site Claim.

34. Black & Decker is entitled to a declaration that Liberty Mutual is required to pay defense costs and to indemnify Black & Decker with respect to the Boarhead Site Claim.

PRAYERS FOR RELIEF

WHEREFORE, defendants, The Black & Decker Corporation, Black & Decker Inc., Black & Decker (U.S.) Inc., Emhart Corporation and Emhart Industries, Inc., pray that this Court:

1. dismiss the complaint of Liberty Mutual Insurance Company with prejudice;

2. declare that Liberty Mutual Insurance Company is obligated to defend The Black & Decker Corporation, Black & Decker Inc., Black & Decker (U.S.) Inc., Emhart Corporation and Emhart Industries, Inc. with respect to the claims that are the subject of the Complaint,

3. declare that Liberty Mutual Insurance Company is severally liable for each policy year for the claims that are the subject of the Complaint, and that The Black & Decker Corporation, Black & Decker Inc., Black & Decker (U.S.) Inc., Emhart Corporation and Emhart Industries, Inc. have the right to select the policy year or years into which to place their claims for defense and/or indemnity, without proration over other policy years by Liberty Mutual Insurance Company;

4. declare that Liberty Mutual Insurance Company is obligated to indemnify The Black & Decker Corporation, Black & Decker Inc., Black & Decker (U.S.) Inc., Emhart Corporation and Emhart Industries, Inc. of and from all, costs, damages and liabilities in connection with the claims that are the subject of the Complaint,

5. award The Black & Decker Corporation, Black & Decker Inc., Black & Decker (U.S.) Inc., Emhart Corporation and Emhart Industries, Inc. such damages 'as they have suffered due to the conduct of Liberty Mutual Insurance Company, plus interest, costs and attorney's fees; and

6.     award The Black & Decker Corporation, Black & Decker Inc., Black & Decker (U.S.) Inc., Emhart Corporation and Emhart Industries, Inc. such other and further relief as is just and proper.

## JURY CLAIM

Defendants claim a trial by jury of all issues in the Complaint and Counterclaim.

By their attorneys,

 /s/Jack R. Pirozzolo      .
Jack R. Pirozzolo BBO# 400400
Richard L. Binder BBO# 043240
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470