UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE BLACK & DECKER CORPORATION, )<br>BLACK & DECKER, INC., BLACK & DECKER )<br>(U.S.) INC., EMHART CORPORATION, and )<br>EMHART INDUSTRIES, INC., )<br>)<br>Defendants. )<br>) | CIVIL ACTION<br>NO. 96-10804-DPW<br>NO. 1:04-CV-10655-DPW<br>  (Boarhead Farm)<br>NO. 1:04-CV-10968-DPW<br>  (Uniontown Landfill) |

**BLACK & DECKER'S MOTION FOR SUMMARY JUDGMENT
REGARDING THE BOARHEAD FARM AND UNIONTOWN LANDFILL SITES**

Defendants ("Black & Decker") move, pursuant to Fed.R.Civ.P. 56, for summary judgment that Liberty Mutual Insurance Company ("Liberty Mutual") is in breach of its duty to defend Black & Decker with respect to the Black & Decker claim for insurance coverage regarding the Boarhead Farm and Uniontown Landfill claims ("Claims") on the ground that there is no genuine issue of material fact and Black & Decker is entitled to judgment as a matter of law. In support thereof, Black & Decker states:

1. Pursuant to the provisions of each of the blanket general liability insurance and/or comprehensive general liability insurance policies that Liberty Mutual issued to USM Corporation for the periods May 18, 1956 through July 1, 1971 and November 1, 1971 through January 1, 1979, Liberty Mutual is obligated to defend Black & Decker with respect to the Claims.

2. After receiving notice of the Claims, Liberty Mutual agreed to defend Black & Decker against the Claims under a full reservation of rights, but only with respect to costs incurred after October 16, 2002, and has failed to reimburse Black & Decker for its reasonable defense costs incurred on or before that date.

3. Black & Decker has suffered damage as a result of the conduct of Liberty Mutual in breach of its duty to defend Black & Decker with respect to the Claims.

4. As set forth in the prior rulings of this Court concerning the Bostik Middleton and Whitman sites (Docket Entry 544 in Civil Action No. 96-10804-DPW), pre-notice defense costs are recoverable absent a showing of prejudice by the insurer, and Liberty Mutual is unable to demonstrate that it suffered material prejudice as a result of any delay in receiving notice.

5. Black & Decker is entitled to recover $84,961.56 in unreimbursed defense costs that it has incurred with respect to the Boarhead Farm claim and $25,300.01 in unreimbursed defense costs that it has incurred with respect to the Uniontown Landfill claim, plus pre-judgment interest.

6. The basis of this motion is set forth in greater detail in the memorandum in support of this motion, the appendix to said memorandum and the statement of material facts in support of this motion, all filed herewith and incorporated herein.

## REQUEST FOR ORAL ARGUMENT

Black & Decker believes that oral argument may assist the Court in its consideration of this motion and requests an opportunity to be heard in connection with the motion.

By their attorneys,

Dated:  November 10, 2004
/s/ Jack R. Pirozzolo
Jack R. Pirozzolo, BBO# 400400
Richard L. Binder, BBO# 043240
James J. Nicklaus, BBO# 564806
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts  02110
(617) 482-5470